[638 NYS2d 740]

In the Matter of Michael Z. Rindenow (Admitted as Michael Zachary Rindenow), an Attorney, Respondent. Grievance Committee for the Tenth Judicial District, Petitioner.

Second Department, February 26, 1996

## APPEARANCES OF COUNSEL

*Frank A. Finnerty, Jr.,* Syosset *(Dianne Saccone* of counsel), for petitioner.

*Perini & Hoerger,* Hauppauge, for respondent.

**OPINION OF THE COURT**

Per Curiam.

In this proceeding, the respondent was charged with eight allegations of professional misconduct. The respondent admitted all of the factual allegations and the Special Referee sustained all of the charges. The Grievance Committee moves to confirm the report of the Special Referee and the respondent submits an affirmation in response "join[ing] in the findings of the [Special] Referee and mov[ing] to confirm his findings, except as to some minor factual errors which would tend to mitigate his role in this offense, which he deeply regrets."

We note that at the close of testimony, on July 14, 1995, the respondent pleaded guilty to a violation of 18 USC § 1343 (wire fraud), a Federal felony, and was sentenced on that same day by United States District Judge Joanna Seybert to three years' probation, 300 hours of community service, and a fine and special assessment in the amount of $5,000.

Charges One through Five allege that on five different occasions the respondent created and transmitted to his client fabricated conformed United States Bankruptcy Court orders vacating a debtor's automatic stay pursuant to 11 USC § 1307, and thereby engaged in conduct that he knew or should have known was dishonest, fraudulent, deceitful, and misrepresentative. The respondent was retained by a client to obtain lift/stay orders to enable the client to commence a foreclosure action against third parties. The respondent fabricated and transmitted to his client copies of conformed lift/stay orders granted by a United States Bankruptcy Court Judge. At the time the conformed orders were transmitted to his client the respondent neither appeared before nor submitted any papers to the named Bankruptcy Court Judges, or any other Bankruptcy Court Judges, to obtain the orders. The lift/stay orders were therefore fabricated by the respondent and constitute violations of Code of Professional Responsibility DR 1-102 (A) (4) (22 NYCRR 1200.3 [a] [4]), as being conduct involving dishonesty, fraud, deceit, or misrepresentation, and Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]).

Charge Six alleged that the respondent created a fabricated conformed Bankruptcy Court order vacating a debtor's automatic stay (lift/stay order) pursuant to 11 USC § 1307, thereby engaging in conduct that he knew or should have known was dishonest, fraudulent, deceitful, and misrepresentative. The respondent was retained by a client to obtain a lift/

stay order to enable it to commence a foreclosure action against third parties. The respondent retained another attorney, Craig S. Heller, Esq., to obtain the lift/stay order. The order vacating the automatic stay was obtained by Heller and signed by Judge Conrad B. Duberstein on April 21, 1993. Upon being terminated by his client, the respondent transferred all pertinent files including that of the third parties to the office of the substituted attorney, Philip A. Aaron, Esq. A second order conforming to the format of the April 21, 1993 order which contained whited-out spaces and different dates, was thereafter located in the third parties' file. Although the fraudulent order created by the respondent was never transmitted to his client, the respondent's conduct involved dishonesty, fraud, deceit or misrepresentation and is in violation of Code of Professional Responsibility DR 1-102 (A) (4) and (8) (22 NYCRR 1200.3 [a] [4], [8]).

Charge Seven alleged that the respondent, after being duly sworn, gave false and misleading testimony with respect to legitimate inquiries of the petitioner during its investigation of the respondent's conduct. Upon request of the petitioner, and in furtherance of the petitioner's investigation of the respondent's conduct, the respondent, represented by counsel, testified at a deposition on September 13, 1993. The respondent testified that he arranged for Robert Fischer, a retired attorney and ex-policeman, who died on April 18, 1993, to prepare and submit the lift/stay orders in the matters enumerated in Charges One through Six. The respondent testified that he thereupon prepared the lift/stay orders using information given to him by Fischer pertaining to the date the order was signed and to the Judge presiding and sent copies to his client. The respondent testified that on or about March 15, 1993, he learned for the first time that the Bankruptcy Court files pertaining to three of the matters did not contain the original lift/stay orders as reported by Fischer. The respondent testified that on April 16, 1993, Fischer again called and informed him that the lift/stay orders on two of the matters were signed and subsequently prepared conformed orders that were transmitted to his client. The respondent testified that he later learned that there were no original court orders in either file. By reason of the foregoing false and misleading testimony, the respondent has violated Code of Professional Responsibility DR 1-102 (A) (1), (4), (5) and (8) (22 NYCRR 1200.3 [a] [1], [4], [5], [8]).

Charge Eight alleged that the respondent engaged in conduct that he knew or should have known was dishonest, fraudulent,

deceitful, and misrepresentative by retaining another attorney to obtain legitimate Bankruptcy Court orders vacating a debtor's automatic stay without first informing that individual that there existed fraudulent orders. The respondent retained Craig S. Heller, Esq. on March 22, 1993, to obtain lift/stay orders on all the files enumerated in Charges One through Six. Upon transmittal of those files, the respondent failed to inform Heller that he previously prepared and sent to a client conformed lift/stay orders based upon false information regarding these same debtors.

On June 10, 1993, Heller appeared before United States Bankruptcy Court Judge Jerome Feller to vacate the stay on one of the matters. At that hearing, Jules Epstein, Esq., an associate with the firm of Philip Irwin Aaron, brought to the court's attention the fabricated lift/stay order previously transmitted to the respondent's client by the respondent. Heller, during a court recess, sought an explanation from the respondent who professed to have no knowledge of the existence or the origin of the fraudulent lift/stay order brought to Judge Feller's attention. As a result of the fraudulent lift/stay order created by the respondent, the professional conduct of the attorney Craig Heller was called into question at proceedings held on June 10, 1993, in the Bankruptcy Court. The respondent's failure to inform Heller of the previously fabricated lift/stay orders constitutes a violation of Code of Professional Responsibility DR 1-102 (A) (4) (22 NYCRR 1200.3 [a] [4]) that proscribes an attorney from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation and Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]).

Based on the respondent's admissions and the evidence adduced at the hearing, we find that the charges were properly sustained. Accordingly the petitioner's motion to confirm is granted.

In determining an appropriate measure of discipline to impose, we have taken into account the letters of good character offered by the respondent, and the respondent's argument that he did not profit from his actions. Although we recognize that there has been no permanent damage to the respondent's clients, the respondent, by his actions perpetrated a fraud upon the courts and exhibited a disregard for the truth. Furthermore, while the respondent's personal difficulties have been noted, it is submitted that their existence does not ameliorate the seriousness of the respondent's actions. It is

therefore the decision of this Court that the respondent be disbarred for his actions.

MANGANO, P. J., BRACKEN, BALLETTA, ROSENBLATT and MILLER, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Michael Z. Rindenow, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Michael Z. Rindenow is commanded to desist and refrain (1) from practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.